1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    IRINA FRITS,                                No. 2:19-cv-2371 DB

12                    Plaintiff,

13         v.                                     ORDER

14    KILOLO KIJAKAZI, Acting
      Commissioner of Social Security[1],

15

16                    Defendant.

17

18         This social security action was submitted to the court without oral argument for ruling on

19    plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2]

20    Plaintiff's motion argues that the Administrative Law Judge erred at step two of the sequential

21    evaluation, failed to account for all of plaintiff's impairments, and erred with respect to plaintiff's

22    English language competency finding.

23    ////

24

25    _____

      [1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social

26    Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring
      to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the

27    Commissioner shall, in his official capacity, be the proper defendant").

28    [2] Both parties have previously consented to Magistrate Judge jurisdiction over this action
      pursuant to 28 U.S.C. § 636(c).  (See ECF No. 15.)

1    For the reasons explained below, plaintiff's motion is granted, the decision of the

2  Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for

3  further proceedings consistent with this order.

4                              **PROCEDURAL BACKGROUND**

5    On June 8, 2016, plaintiff filed an application for Supplemental Security Income ("SSI")

6  under Title XVI of the Social Security Act ("the Act") alleging disability beginning on October 1,

7  2014. (Transcript ("Tr.") at 10, 227-33.) Plaintiff's alleged impairments included fibromyalgia,

8  anemia, arthritis, lung problems, depression, and back problems. (Id. at 243.) Plaintiff's

9  application was denied initially, (id. at 152-56), and upon reconsideration. (Id. at 161-66.)

10    Thereafter, plaintiff requested a hearing which was held before an Administrative Law

11  Judge ("ALJ") on June 22, 2018. (Id. at 35-62.) Plaintiff was represented by a non-attorney

12  representative and testified at the administrative hearing with the assistance of an interpreter. (Id.

13  at 10, 35-37.) In a decision issued on October 10, 2018, the ALJ found that plaintiff was not

14  disabled. (Id. at 20.) The ALJ entered the following findings:

15
16
> 1. The claimant has not engaged in substantial gainful activity since June 8, 2016, the application date (20 CFR 416.971 *et seq.*).

17
> 2. The claimant has the following severe impairments: lumbar and cervical degenerative disc disease; joint pain; chronic bronchiectasis; and headaches (20 CFR 416.920(c)).

18
19
20
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

21
22
23
24
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except she can occasionally climb ladders, ropes and scaffolds; frequently climb ramps/stairs; should avoid concentrated exposure to extreme cold, heat, humidity, fumes, odors, and other similar pulmonary irritants.

25
> 5. The claimant has no past relevant work (20 CFR 416.965).

26
> 6. The claimant was born [in] 1964 and was 51 years old, which is defined as an individual closely approaching advances age, on the date the application was filed (20 CFR 416.963).

27

28  ////

2

1    7. The claimant is able to verbally communicate in English, and is
2    considered in the same way as an individual who is illiterate in
     English (20 CFR 416.964).

3    8. Transferability of job skills is not an issue because the claimant
     does not have past relevant work (20 CFR 416.968).
4
5    9. Considering the claimant's age, education, work experience, and
     residual functional capacity, there are jobs that exist in significant
6    numbers in the national economy that the claimant can perform (20
     CFR 416.969 and 416.969(a)).

7    10. The claimant has not been under a disability, as defined in the
     Social Security Act, since June 8, 2016, the date the application was
8    filed (20 CFR 416.920(g)).

9    (Id. at 13-20.)

10       On September 20, 2019, the Appeals Council denied plaintiff's request for review of the

11   ALJ's October 10, 2018 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42

12   U.S.C. § 405(g) by filing the complaint in this action on November 23, 2019. (ECF No. 1.)

13                                    **LEGAL STANDARD**

14       "The district court reviews the Commissioner's final decision for substantial evidence,

15   and the Commissioner's decision will be disturbed only if it is not supported by substantial

16   evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

17   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

18   support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

19   Chater, 108 F.3d 978, 980 (9th Cir. 1997).

20       "[A] reviewing court must consider the entire record as a whole and may not affirm

21   simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

22   466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

23   1989)). If, however, "the record considered as a whole can reasonably support either affirming or

24   reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072,

25   1075 (9th Cir. 2002).

26       A five-step evaluation process is used to determine whether a claimant is disabled. 20

27   C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step

28   process has been summarized as follows:

                                            3

1   Step one: Is the claimant engaging in substantial gainful activity? If
    so, the claimant is found not disabled. If not, proceed to step two.

2

3   Step two: Does the claimant have a "severe" impairment? If so,
    proceed to step three. If not, then a finding of not disabled is
    appropriate.

4

5   Step three: Does the claimant's impairment or combination of
    impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
    Subpt. P, App. 1? If so, the claimant is automatically determined

6   disabled. If not, proceed to step four.

7   Step four: Is the claimant capable of performing his past work? If
    so, the claimant is not disabled. If not, proceed to step five.

8

9   Step five: Does the claimant have the residual functional capacity to
    perform any other work? If so, the claimant is not disabled. If not,
    the claimant is disabled.

10

11  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

12      The claimant bears the burden of proof in the first four steps of the sequential evaluation

13  process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden

14  if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094,

15  1098 (9th Cir. 1999).

16                               **APPLICATION**

17      Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ erred

18  step two of the sequential evaluation; (2) the ALJ failed to account for all of plaintiff's

19  impairments; and (3) the ALJ erred with respect to plaintiff's English language competency.[3]

20  (Pl.'s MSJ (ECF No. 16) at 7-15.[4])

21  **I.      Step Two Error**

22      At step two of the sequential evaluation, the ALJ must determine if the claimant has a

23  medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273,

24  1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations

25  provide that "[a]n impairment or combination of impairments is not severe if it does not

26  _____

27  [3] The court has reordered plaintiff's claims for purposes of clarity and efficiency.

28  [4] Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

                                        4

significantly limit [the claimant's] physical or mental ability to do basic work activities."  20

C.F.R. §§ 404.1521(a) & 416.921(a).  Basic work activities are "the abilities and aptitudes

necessary to do most jobs," and those abilities and aptitudes include:  (1) physical functions such

as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking;

(3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5)

responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing

with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases

the efficiency and reliability of the evaluation process by identifying at an early stage those

claimants whose medical impairments are so slight that it is unlikely they would be found to be

disabled even if their age, education, and experience were taken into account."  Yuckert, 482 U.S.

at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158

(O'Connor, J., concurring).  "An impairment or combination of impairments can be found not

severe only if the evidence establishes a slight abnormality that has no more than a minimal effect

on an individual[']s ability to work."  Smolen, 80 F.3d at 1290 (internal quotation marks and

citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination

of impairments only when his conclusion is 'clearly established by medical evidence.'"  Webb v.

Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see

also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two

burden where "none of the medical opinions included a finding of impairment, a diagnosis, or

objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of

groundless claims[.]'"  Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also

Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis

standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal.

Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding

that plaintiff's mental impairments were not severe impairments.  (Pl.'s MSJ (ECF No. 16) at 11-

5

15.)  If the ALJ determines that a claimant has a medically determinable mental impairment, the ALJ then rates the degree of the claimant's functional limitations in four areas, known as the "Paragraph B Criteria": (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R. § 404.1520a(b)-(c); see also Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders.  In the first three areas, the ALJ rates the limitations as either none, mild, moderate, marked, or extreme.  The fourth functional area, episodes of decompensation, is rated on a four-point scale of none, one or two, three, and four or more.  20 C.F.R. 404.1520a(c)(3) and (4).

Where the claimant's degree of limitation is rated as "none" or "mild," the ALJ will generally find the impairment "'not severe', unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities."  20 C.F.R. § 404.1520a(d)(1).  If a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis.  20 C.F.R. § 404.1523.  The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone [i]s sufficiently severe."  Smolen, 80 F.3d at 1290; 20 C.F.R. § 404.1523.

Here, the ALJ acknowledged that plaintiff had "been diagnosed with depressive disorder and obsessive compulsive disorder."  (Tr. at 13.)  The ALJ found that these medically determinable mental impairments caused "no more than mild limitations" and were, therefore, "nonsevere."  (Id. at 15.)  However, Markie Maldonado, a treating physician's assistant, opined that plaintiff had "moderate limitations in understanding, rember[ing], and applying information and interacting with others and marked limitations in concentration, persistence, and pace and adapting or managing oneself."  (Id. at 14.)  And Tatiana Gelbova, Ph. D., LMFT—a treating physician—opined that plaintiff "would have marked limitations in maintain concentration, persistence, and pace and adapting or managing oneself; moderate limitations in interacting with others; and mild limitations in understanding[,] remembering[,] and applying information."  (Id.)

The ALJ elected to afford these opinions "little weight."  (Id.)  "This weighing of the evidence . . . would be more appropriate at step three of the sequential process.  Indeed, all that is

6

1    required at step two is a minimal showing of severity," which would be satisfied by the opinions

2    of two treating sources.  Kang Jin v. Berryhill, Case No. 4:18-cv-7091 KAW, 2020 WL 999795,

3    at *2 (N.D. Cal. Mar. 2, 2020).

4         Moreover, the ALJ gave little weight to Dr. Glebova's opinion because it "was rendered

5    only a few weeks after the claimant initiated treatment, is not supported by specific objective

6    findings, and is inconsistent with the claimant's improvement with treatment." (Tr. at 14.)

7    However, on November 13, 2018—after the ALJ's October 10, 2018 opinion—Dr. Glebova

8    completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) Form, and a

9    letter in support of Dr. Glebova's opinion.  (Id. at 32-35.)

10        Those documents reflect that Dr. Glebova's had by then treated plaintiff with 22 sessions

11   of psychotherapy.  (Id. at 32.)  Plaintiff's "diagnoses" included Obsessive-Compulsive Disorder,

12   mixed obsessional thoughts and acts, and Major Depressive Disorder.  (Id.)  Dr. Glebova's

13   opinion was based, in part, on plaintiff's scores on the Beck Depression Inventory and the Yale-

14   Brown Obsessive Compulsive Scale.  (Id.)  Those scores fluctuated over the course of treatment,

15   and Dr. Glebova noted that "full recovery is reported for approximately 30% of patients

16   diagnosed with Major Depressive Disorder[.]"  (Id.)  Dr. Glebova also opined that plaintiff was

17   markedly limited in several areas of functioning.  (Id. at 31-33.)

18        Although Dr. Glebova's November 12, 2018 opinion was issued after the ALJ's October

19   10, 2018 opinion, it was submitted to and considered by the Appeal Council in denying review of

20   the ALJ's opinion.  (Id. at 2.)

21             [W]hen a claimant submits evidence for the first time to the
               Appeals Council, which considers that evidence in denying review
22             of the ALJ's decision, the new evidence is part of the administrative
               record, which the district court must consider in determining
23             whether the Commissioner's decision is supported by substantial
               evidence.
24

25   Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).  In this

26   regard, the record before the court now contains additional evidence supporting the severity of

27   plaintiff's mental impairments, Dr. Glebova's treating opinion, and the opinion of Markie

28   Maldonado.

Since the new evidence directly undermines the basis of the ALJ's decision, the court concludes that the Commissioner's decision was "not supported by substantial evidence." <u>Id</u>. at 1164; <u>see</u> <u>also</u> <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1136 (9th Cir. 2014) ("When, as here, the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court and this court must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.").

Defendant attempts to provide reasons why the ALJ would, nonetheless, also reject this new evidence. (Def.'s MSJ (ECF No. 17) at 15-16.)  The court, however, may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions.  <u>See</u> <u>Burrell</u>, 775 F.3d at 1138 ("We are constrained to review the reasons the ALJ asserts."); <u>Bray v. Commissioner of Social Security Admin.</u>, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

Accordingly, for the reasons stated above, the court finds that the Commissioner's decision is not supported by substantial evidence, and that plaintiff is entitled to summary judgment on this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[5] <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

---

[5] "In light of the remand required by the ALJ's error at step two of the sequential evaluation, the court need not address plaintiff's remaining claims." <u>Meinecke v. Colvin</u>, No. 2:14-cv-2210 AC (TEMP), 2016 WL 995515, at *4 (E.D. Cal. Mar. 14, 2016); <u>see</u> <u>also</u> <u>Sanchez v. Apfel</u>, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the ALJ erred at step two of the sequential evaluation, in part, by failing to consider evidence that was not before the ALJ.  As such, the court cannot say that "further administrative proceedings would serve no useful purpose." Dominguez, 808 F.3d at 407; see also Gardner v. Berryhill, 856 F.3d 652, 657-58 (9th Cir. 2017) ("As a general rule, where the 'critical portions' of a treating physician's discredited opinion were presented for the first time to the Appeals Council, the appropriate remedy is to remand the case to the ALJ to consider the additional evidence.").

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2.  Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3.  The Commissioner's decision is reversed;

4.  This matter is remanded for further proceedings consistent with this order; and

////

////

////

1        5.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

3   Dated:  August 30, 2021

6   DLB:6
7   DB\orders\orders.soc sec\frits2371.ord

                                DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE